**WOODCRAFT WORKS, Limited,**

v.

**The UNITED STATES.**

No. 58–56.

United States Court of Claims.
July 12, 1957.

I. H. Wachtel, New York City, for plaintiff.

Carl C. Davis, New York City, with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on plaintiff's motion to strike defendant's defense of want of jurisdiction, and on defendant's motion for summary judgment.

Plaintiff entered into two contracts with defendant to supply it with lumber, delivered to Okinawa, at the cost price plus freight. Plaintiff's obligation under its contract with defendant was to put the lumber on board a vessel, with instructions to deliver it as directed, and to prepay the freight. After this had been done and the bill of lading therefor had been sent to defendant, title passed to defendant; whereupon, plaintiff was entitled to its money.

Plaintiff did all its contract with defendant required it to do. But there was delay in unloading the vessel, as the result of which it is alleged that "charges in the nature of demurrage" accrued. Plaintiff says that it is liable therefor under its contract of affreightment, and that, since the delays were the fault of defendant, the defendant is obligated to pay to it the amount for which it is liable.

Defendant defends on the ground that jurisdiction of such a claim is vested exclusively in the courts of admiralty. This defense plaintiff asks us to strike, and, on the other hand, defendant asks for summary judgment on the ground that exclusive jurisdiction is in the courts of admiralty.

Since both plaintiff's motion to strike and defendant's motion for summary judgment raise the question of the jurisdiction of the court, they must be considered before proceeding further with the case.

Since title to the lumber passed to the defendant when it was loaded on board vessel, it would seem that it would be defendant that would be liable for any delay in unloading, and not plaintiff; but plaintiff says it was liable to the owner of the vessel under the contract of affreightment, and that for any delay caused by defendant, for which plaintiff is liable, defendant is obligated to indemnify it.

This may be true, but this does not mean plaintiff's action *against defendant* is maritime. An action by the owner of the vessel would be maritime, but not an action by the shipper against the consignee. The liability of the consignee to plaintiff arises only because of the contract for the sale of the lumber, and that, of course, is not a maritime contract. Its liability to plaintiff for demurrage was incidental to the contract of sale, and grows out of it. Plaintiff's action here is founded upon the contract of sale, and is not a maritime cause of action.

Plaintiff's motion to strike the defense that this court has no jurisdiction is well taken. It will be stricken. Defendant's motion for summary judgment will be overruled.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.

**84**

LARAMORE, Judge (dissenting).

I respectfully dissent for the following reasons: The charter party dated August 15, 1950, contained the following lien clause with a cesser clause incorporated therein:

"8. Owners shall have a lien on the cargo for freight, dead-freight, demurrage and damages for detention. Charterers shall remain responsible for dead-freight and demurrage (including damages for detention), incurred at port of loading. Charterers shall also remain responsible for freight, and demurrage (including damages for detention) incurred at port of discharge, but only to such extent as the Owners have been unable to obtain payment thereof by exercising the lien on the cargo."

The last sentence of the cesser clause shows that no liability for demurrage attaches to plaintiff except to the extent that the owners of the vessels have been unable to obtain payment thereof by exercising the lien on the cargo.

That there was no exercise of any lien by the owners of the vessels is borne out by the affidavit filed by plaintiff's attorney in support of its motion to strike which states that "no demand or claim was made by the owners of the vessels against the United States of America for the payment of any of the shipping charges or the additional charges sued upon herein." Furthermore, the petition does not allege that any amounts were ever paid by plaintiff to the owners of the vessels.

Therefore, there could be no liability by the plaintiff to the owners of the vessels.

If on the other hand plaintiff made any payments to the carriers, it was acting in its own behalf and the only position plaintiff could have is that of a subrogee, and even then it would have only such claim against the United States as the ship owners originally had. Any claim the owners could have against the United States would be based upon the bills of lading which are Maritime contracts and jurisdiction thereof is in the district courts.

I would grant defendant's motion for summary judgment.